BRIGHT, Circuit Judge,
concurring in part, dissenting in part.
I concur in the affirmance of the convictions and sentences of Rogelio Preciado and Pablo Borges-Cano. I dissent from the opinion affirming the conviction of Humberto Sanchez. I would remand to the district court for a hearing on Sanchez’s motion for a new trial on grounds that Preciado will testify Sanchez had nothing to do with the drug transaction in question.
*748 In this case, the prosecution relied on the testimony of a convicted felon serving jail time, Jose Hernandez-Correa, to link Sanchez to Preciado’s criminal enterprises. This sort of testimony is highly questionable. In my view, little corroboration otherwise existed for the conviction. Sanchez explained his relationship with Preciado as relating to a possible sale of a used automobile.
Sanchez presented evidence that Precia-do will testify to their relationship. In the motion for new trial, Sanchez’s counsel presented the-court an affidavit stating the following:
I am a CJA panel attorney appointed to defend Humberto Sanchez.
Regelio Preciado, a.k.a. Emilio Mendoza-Valencia, was a co-defendant of Mr. Sanchez and was sentenced before the [Hjonorable Judge Doty August 12, 2002.
In the afternoon of August 12, 2002 I had a telephone conversation with legal counsel for Mr. Preciado, attorney Steven Griggsby. During that phone conversation I explained my desire to question his client about his relationship to Humberto Sanchez and Mr. Sanchez’s involv[ment] in the drug dealings alleged in the instant case. Mr. Griggsby gave me permission to speak with his client. On August 15, 2002 I had a meeting with Mr. Preciado at the Sherburne County Jail. In general, Mr. Preciado was angry about the sentence he received and he stated his distrust of anyone working for the government (including myself). He was also angry that Mr. Sanchez was charged in this case because he was not involved. During our meeting Mr. Pre-ciado made the following relevant statements:
a.“I never met him [ (Humberto Sanchez) ] before we were arrested [on September 7, 2001].”
b. “He [(Humberto Sanchez)] had nothing to do with the drugs.”
c. “He [ (Humberto Sanchez) ] was not part of any conspiracy.”
d. “This is not right. That guy [ (Humberto Sanchez) ] had nothing to do with this case.”
e. “I do not trust your government. Your government is screwed up — it screwed me, it screws many people, and it is screwed up for that man [ (Humberto Sanchez) ] to be in this case. I take responsibility for what I done. Why does he [ (Humberto Sanchez) ] have to go to jail when he had done nothing.”
f. “That snitch was a liar to say that we [ (Preciado & Sanchez) ] were together. I never saw him [ (Humberto Sanchez) ] before this thing. It is all a lie. That man is a murderer in Mexico and here — everybody knows that. How could your government use him and protect him?” (Referring to the trial testimony of Jose Hernandez-Correa who testified that he saw Preciado and Sanchez together in March of 2001.)
I asked Mr. Preciado if he would be willing to write a statement or allow me to record him discussing Mr. Sanchez’s involvement in this case. He said that he wanted to help Mr. Sanchez but that he was suspicious of my reasons for asking him to write a statement or to record him. He stated that he would have to be brought into court before he would repeat his statements.
App. at 42.
In denying the motion for a new trial, the district court stated: “Thus, defendant proposes to contradict the government’s witness through the testimony of the co-defendant. The testimony of a convicted co-defendant would not be sufficiently *749 more credible than the testimony received at trial to overturn the jury’s determination, or to make acquittal upon retrial probable.” App. 46. This statement seemingly recognizes the unreliability of Cor-rea’s testimony on which the conviction rests. However, Preciado’s testimony has, as yet, not been heard. Until Preciado actually testifies and corroborating evidence, if any, is presented that testimony cannot be tested as to reliability.
Thus, I would vacate the district court’s denial for a new trial and remand to the district court for a full evidentiary hearing to determine whether Sanchez is entitled to a new trial.